```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA           :

          - v. -                   :            ORDER

ISAI SCHEINBERG, et al.,           :     S3 10 Cr. 336 (LAK)

                                   :
          Defendants.
                                   :
- - - - - - - - - - - - - - - - - -x
```

[RECEIVED AUG 0 9 2012 JUDGE KAPLAN'S CHAMBERS]

[USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 8/14/12]

WHEREAS, on or about March 10, 2011, a nine-count superseding indictment, S3 10 Cr. 336 (LAK), (the "Indictment") was filed under seal in the United States District Court for the Southern District of New York charging multiple defendants with conspiring to violate the Unlawful Internet Gambling Enforcement Act ("UIGEA"), 31 U.S.C. § 5363, in violation of Title 18, United States Code, 371; violating the UIGEA; operating illegal gambling businesses, in violation of Title 18, United States Code, Sections 1955 and 2; conspiring to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349; and conspiring to launder money, in violation of Title 18, United States Code, Section 1956(h);

WHEREAS, the Indictment contains allegations providing notice that the Government intends to seek forfeiture of certain property as a result of the offenses alleged in Counts Five, Six, and Seven;

WHEREAS, on or about April 15, 2011, the Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, issued a post-indictment restraining order (the "Restraining Order") for, *inter alia*, several accounts held in the name corporate entities through which PokerStars and Full Tilt Poker, two entities that offered online poker in the United States that were owned and operated by certain of the defendants in this action (the "Company Accounts," listed in Schedule A attached hereto), on the grounds that there was probable cause to believe that the property so described was subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1), (a)(1)(C); 18 U.S.C. § 982(a)(2)(A); 1955(d); and 28 U.S.C. § 2461, as proceeds traceable to the operation of illegal gambling businesses, property involved in a conspiracy to commit money laundering, or property traceable to such property, and proceeds of a conspiracy to commit bank and wire fraud;

WHEREAS, the Restraining Order directed that any party having actual knowledge of the Restraining Order, among others, shall not directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, dissipate, distribute, or move the contents of the Restrained Account;

WHEREAS, on or about April 15, 2011, the United States filed an *in rem* forfeiture and civil money laundering action captioned *United States v. PokerStars, et al.*, 11 Civ. 2564 (LBS)

(the "Forfeiture Action"), and on or about September 21, 2011, filed an amended complaint in the Forfeiture Action (the "Complaint");

WHEREAS, the Complaint named as defendants-in-rem the Company Accounts;

WHEREAS, Stipulated Orders of Settlement have been entered between the United States with the relevant parties in the Forfeiture Action and ordered by the Court (the "Settlement Orders," attached as Exhibits A and B hereto);

WHEREAS, by entry of the Settlement Orders in the Forfeiture Action, the United States no longer seeks to pursue the forfeiture of the contents of the Company Accounts in this action and requests the release of the restraint of the Company Accounts in this action in order to effectuate the settlement arrangements reflected in the Settlement Orders in the Forfeiture Action;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Restraining Order shall be modified to the extent of lifting any restraint on, and no longer applying to, the accounts listed in Schedule A attached hereto.

2. In all other aspects, and for all other accounts listed therein, the Restraining Order shall remain in effect.

SO ORDERED:

_____     __8/14/12_____
HONORABLE LEWIS A. KAPLAN      DATE
UNITED STATES DISTRICT JUDGE   Alison J. Nathan